UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT AKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:15-cv-01725-JMS-TAB |
| ) | |
| SUPERINTENDENT Pendleton Correctional Facility, ) ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Petitioner Robert Akins has filed a petition for a writ of habeas corpus challenging a prison disciplinary proceeding in which he was found guilty of possession/use of a cell phone. For the reasons stated below, this petition is **denied** and this action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.*

**Discussion**

Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.*

"A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally

deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). If a habeas petitioner has suffered the deprivation of a protected liberty interest the procedural protections delineated in *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974), are applicable and the decision must be supported by "some evidence." *Superintend. Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

In order to proceed, Akins must meet the "in custody" requirement of § 2254(a). Meeting this requirement is a matter of jurisdictional significance. *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (per curiam). "[T]he inquiry into whether a petitioner has satisfied the jurisdictional prerequisites for habeas review requires a court to judge the 'severity' of an actual or potential restraint on liberty." *Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 894 (2d Cir. 1996). A sanction which does not constitute "custody" cannot be challenged in an action for habeas corpus relief. *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001).

Akins alleges that the sanctions imposed as a result of the challenged disciplinary proceeding include the following: 6 months disciplinary segregation and 6 months no visits. These sanctions are non-custodial. *See i.e., Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004) (loss of preferred prison living arrangement, prison job and eligibility for rehabilitative programs are not sufficient consequences of a disciplinary proceeding to require due process); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (stating that not every prison action that adversely affects the prisoner requires due process, such as a transfer to a substantially less agreeable prison and an unfavorable classification for rehabilitative programs). When no recognized liberty or property interest has been taken, which is the case here, the confining authority "is free to use any procedures it choses, or no procedures at all." *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001).

Because Akins's habeas petition shows on its face that he is not entitled to the relief he seeks, the action is **summarily dismissed** pursuant to Rule 4.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: November 13, 2015

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT AKINS
137045
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only